**Sied B. MAHDAVI, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, OFFICE OF CRIME VICTIMS COMPENSATION, Respondent.**

**No. 93–AA–1448.**

District of Columbia Court of Appeals.

Submitted Nov. 10, 1994.

Decided Dec. 8, 1994.

Douglas M. Gross, Bethesda, MD, was on the brief, for petitioner.

Vanessa Ruiz, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, and Rosalyn Calbert Groce, Asst. Corp. Counsel, Washington, DC, were on the brief, for respondent.

Before FERREN and FARRELL, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

On October 18, 1993, the District of Columbia Department of Employment Services (DOES), Office of Crime Victims Compensation, issued a Notice of Final Determination terminating the Protracted Claim Award that petitioner was receiving under the Victims of Violent Crime Compensation Act of 1981 (the Act), D.C.Code §§ 3–401 *et seq.* (1994). The reason for the termination was that petitioner had not complied with the condition of the award that he submit quarterly documentation of his continuing need for compensation benefits. Petitioner challenges this decision, but we find no error in the agency's application of the governing regulation.

**I.**

■ Title 28 DCMR § 2309.12 (1987) requires the recipient of a protracted disability award (*see id.,* § 2309.11) to submit quarterly documentation "of additional medical and

out-of-pocket expenses or los[s] of earnings," so that the Office of Crime Victims Compensation can "verify that the victim had not in fact earned any income and/or that treatment for the injuries has been rendered to the victim within the preceding three (3) months period." If such verification cannot be made, "the Office may deny further awards of compensation." In keeping with this regulation, the recipient of a protracted disability award is informed in writing at the time of the award that he or she is "required to submit documentation which will verify your continuing need for assistance to this Office on a quarterly basis (every 90 days)," and that upon failure to provide this documentation in timely fashion, "the Protracted Claim Award will no longer be in effect...."

Petitioner does not dispute having received the written notice. He also does not dispute that the last item of documentation he furnished the Office prior to the October 18, 1993, termination was a report from his treating physician, Dr. Joseph, dated June 24, 1993, which was more than 90 days before October 18. The fact that petitioner submitted additional bills *after* the termination date [1] cannot resurrect his claim given the requirement of quarterly submission of documentation. Similarly, petitioner provided the Office with no documentation of continued economic loss during the 90–day period before the October 18 termination. Because petitioner failed to comply with the regulation, the validity of which he does not challenge, the decision of DOES terminating his award was proper.

## II.

▮ Petitioner also contends that DOES stopped paying him benefits for lost earnings in April, 1993, while he was concededly still eligible for compensation, and that he is at least entitled to those economic benefits up to the October termination date. DOES points out that since appellant never presented this claim to the agency, we have no record basis on which to evaluate it. We

agree. Assuming that the premise of petitioner's argument is correct, the premature cessation of payments may be a result of administrative error correctable without intervention by the court. Our decision is thus without prejudice to petitioner's seeking relief on this point before the agency.

*Affirmed.*

---

1. Petitioner refers to bills he submitted covering treatment by Dr. Joseph on October 15 and November 8, 1993, and February 14, 1994. However, the bill for the October treatment was submitted to the Office for the first time as part of a Statement of Dr. Joseph bearing a "closing date" of November 17, 1993; hence neither that bill, nor obviously the bills for the November and February treatment, could have been considered by the Office before October 18.